ALEXANDER SCOTT, APPELLANT, V. JOHN McGUIRE ET AL., APPELLEES.

Removal of County Seat: INJUNCTION. There was an election on the question of re-location of a county seat, which resulted in favor of the proposition. An action was then brought to enjoin county officers from removing their offices, etc., to the place selected, on grounds which would have been available, if at all, in a contest of the election, under the statute. *Held*, That the action would not lie.

APPEAL from Wayne county. Heard below before BARNES, J.

*Andrew Bevins*, for appellant.

*Britton & Northrop*, for appellees.

LAKE, CH. J.

This is an appeal from Wayne county. The action was brought by the appellant to have the defendants—the board

of county commissioners—enjoined "from removing the county seat of said county, * * * or any of the county offices or county records or papers" from the town of La-Porte to the town of Wayne, "and from holding any meetings at the said town of Wayne, or any other place except at the said town of LaPorte," etc.

It appears from the petition that an election had been called and held in said county on the question of the removal of the county seat from LaPorte to the town of Wayne. Although the result of that election is not definitely alleged, enough is stated to show, inferentially, that it was in favor of Wayne.

Several questions were discussed by the respective counsel, which would have been pertinent if this were a case of contest under the statute to have the declared result of the election vacated, but are wholly immaterial to this issue, and we shall not notice them except perhaps incidentally. This action is in no sense an election contest between these rival towns, as the parties litigant, the whole frame of the petition, and the prayer for relief plainly and most conclusively show. Such a contest, although it must, under the election law of March 1st, 1879 [Comp. Stat., Ch. 26], be brought in the district court, is essentially a legal remedy. The desired object in such a case is to have the declared result of the election vacated. This, however, cannot be reached by an order of injunction restraining county officers from removing their offices to the re-located county seat, and transacting business there, but by a judgment formally setting aside the result arrived at and declared by the canvassers of the votes cast at the election, in an action brought to contest it. Such an injunction would compel a violation by these officers of a positive command of the statute (Sec. 9, Art. III., Ch. 17, Comp. Stat.), that on the re-location of the county seat, they "forthwith remove their respective offices, and all county records, papers, and property in their offices or charge to the place where said county

seat shall have been re-located," a severe penalty being provided in case of a refusal to do so. This is a valid enactment which the courts have no right to disregard by requiring others to disobey it.

And now briefly of the grounds on which the injunction was asked. It matters not either that the officers in charge of the polls were not qualified, or neglected their duties; that illegal votes were cast; or that unfair and perhaps illegal influences were resorted to to induce the electors to favor the re-location. If all or any of these things on which the plaintiff relies were available at all, it was only by resorting to a contest under the statute, and not by way of a collateral attack in an action against the county commissioners.

In his attack upon the decision of this election, the plaintiff evidently mistook his remedy. He seems to have thought that the county commissioners had some power and discretion in the matter of removal after the result was announced, when in fact they had none whatever. After the call of the election to decide the question, they had no more to do with it than any other of the electors. They could simply vote upon the proposition; that was all.

It is very clear that the petition states no facts warranting an injunction against the removal of the offices, etc., to the new county seat, and that the demurrer was properly sustained.

JUDGMENT AFFIRMED.

THE other judges concur.

A motion for rehearing of this case was overruled.